# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Mohamed D., | Case No. 19-cv-325 (WMW/TNL) |
| Petitioner, | |
| v. | |
| Secretary Homeland Security; | **REPORT & RECOMMENDATION** |
| William P. Barr, Attorney General; | |
| Peter Berg, ICE Field Office Director; and | |
| Kurt Freitag, Freeborn County Sheriff, | |
| Respondents. | |

Mohamed D., A 096-165-305, Freeborn County Jail, 411 South Broadway Avenue Albert Lea, MN 58007 (pro se Petitioner); and

Ana H. Voss, Ann M. Bildtsen, and David W. Fuller, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Respondents Secretary Homeland Security, Barr, and Berg); and

David John Walker, County Attorney, Freeborn County Attorney's Office, Freeborn County Government Center, 411 South Broadway Avenue, Albert Lea, MN 56007 (for Respondent Freitag).

## I. INTRODUCTION

This matter comes before the Court on Petitioner Mohamed D.'s Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). (Pet., ECF No. 1). This matter has been referred to the undersigned for a Report and Recommendation to the Honorable Wilhelmina M. Wright, District Judge for the United States District Court for the District

1

of Minnesota, pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons that follow, the Court recommends that the Petition be denied as moot and this action be dismissed.

## II. BACKGROUND

Petitioner is a native and citizen of Ivory Coast. (ECF No. 1-1 at 3.) Petitioner initially entered the United States as a refugee in 2005. *Id.* In 2012, Petitioner adjusted his status to that of a lawful permanent resident. (ECF No. 6 at 2.) In 2016, Petitioner was convicted of First Degree Robbery and sentenced to 10 years in prison. *Id*.

While Petitioner was serving that sentence, Immigration and Customs Enforcement ("ICE") placed a Notice of Action/Detainer on Petitioner. (ECF No. 6 at 2.) Two years later, ICE commenced removal proceedings against Petitioner. (ECF No. 6-3.) Petitioner was detained, pending a hearing. (ECF No. 8 at 2.)

On October 3, 2018, an Immigration Judge ordered that Petitioner be removed to Ivory Coast. (ECF No. 6-4 at 6.) Petitioner appealed the Judge's order to the Board of Immigration Appeals ("BIA") (ECF No. 1-1.) The BIA affirmed the order of removal on March 18, 2019. (ECF No. 6-6 at 2-3.)

On February 11, while awaiting the BIA decision, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, asserting that removal was not reasonably foreseeable and that his continued detention therefore violated his due process rights. Respondents answered, arguing the Petition was premature.

On March 12, 2019, however, the South Dakota state court vacated Petitioner's conviction for the First Degree Robbery charge that formed the basis for removal

proceedings. (ECF No. 9-1 at 17.) Petitioner filed an emergency motion to reopen and terminate and a motion for emergency stay of removal with the BIA on May 2, 2019. (ECF Nos. 9-1 and 9-2.) Those motions remain under advisement with the BIA.

On May 3, 2019 Petitioner was released from detention. (ECF No. 12 at 1.) Respondents filed a supplemental memorandum of law, asking that the Petition be denied as moot. *Id*. Petitioner did not respond.

### III.   ANALYSIS

#### A. Mootness

"Article III of the United States Constitution only allows federal courts to adjudicate actual, ongoing cases or controversies." *Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 611 (8th Cir. 2003); *see* U.S. CONST. art. III, § 2. The case-or-controversy requirement exists at all stages of federal judicial proceedings. *Potter*, 329 F.3d at 611. It is of no consequence that a claim was live at an earlier stage in the proceedings; a claim must be live when the court decides the issue. *South Dakota v. Hazen*, 914 F.2d 147, 150 (8th Cir. 1990). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000) (alteration in original) (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994)). Moot actions must be dismissed. *Potter*, 329 F.3d at 611.

In this case, Petitioner seeks release from custody. (Pet. at 8.) Petitioner, however, was released from custody on May 3, 2019. (ECF No. 12 at 1.) Therefore, the court can

no longer grant the relief that he seeks. "Absolutely nothing would change. This is the very definition of mootness." *Kargbo v. Brott*, No. 15-cv-2713 (PJS/LIB), 2016 WL 3676162, at *2 (D. Minn. July 6, 2016) (citing *Already*, *LLC v. Nike, Inc.*, 568 U.S. 86, 89 (2013)).

### B. Application of the Exceptions to Mootness

Before dismissing the petition as moot, however, the Court must consider whether any of the exceptions to the mootness doctrine apply. *Sayonkon v. Beniecke*, No. 12-cv-27 (MJD/JJK), 2012 WL 1621149, at *2 (D. Minn. Apr. 17, 2012) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)), *adopting report and recommendation*, 2012 WL 1622545 (D. Minn. May 9, 2012). There are four exceptions to the mootness doctrine: "(1) if secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Id.* (quotation omitted). None applies here.

First, there are no collateral consequences resulting from the detention. Petitioner was released from ICE custody immediately after ICE was notified that the underlying sentence was vacated. (ECF 13 at 2.)  Any continuing injury would follow from further action taken in Petitioner's removal proceedings, rather than Petitioner's allegedly unlawful detention. *See Kargbo*, 2016 WL 3676162*,* at *2*.* ("The things of which Kargbo complains—being subject to . . . the possibility of being taken back into custody. . . are not consequences of the *detentions*, but consequences of the *removal order*."). Thus, this exception does not apply here.

4

Second, this case does not involve conduct that is capable of repetition yet evading review. In *Kargbo*, the petitioner was released from custody and was subject to conditions, yet still sought to have his requested relief — release from prison — granted. *Id.* at *1. The Court nevertheless dismissed the case as moot, reasoning that if Kargbo were taken back into custody, it would necessarily be based on new justifications. *Id* at *2. The same logic applies here. Just like Kargbo, if Petitioner is detained again, it will be because ICE has new grounds to return him to custody. Accordingly, the conduct at issue does not meet the capable-of-repetition-yet-evading-review exception because the allegedly unlawful detention on which the Petition is based cannot be repeated under the same circumstances.

"Third, this is not a case in which [Respondents] voluntarily ceased allegedly unlawful conduct but [are] free to restart such conduct at whim." *Id*. at *2 (citing *Already, LLC*, 568 U.S. at 89. If Petitioner were to be brought back into custody, it would be under a new set of circumstances and facts, and it would be "impossible for the government to repeat the *same* unlawful conduct that [Petitioner] challenged." *Id.*; *accord Mohamed v. Sessions*, No. 16-cv-3828 (SRN/BRT), 2017 WL 4417706, at *6 (D. Minn. Sept. 14, 2017) ("In the absence of evidence suggesting that a detention of Mohamed on similar facts is reasonably likely to occur again, this Court cannot find that the voluntary-cessation exception applies."), *adopting report and recommendation*, 2017 WL 4410765 (D. Minn. Oct. 3, 2017). Thus, the voluntary-cessation exception to the mootness doctrine does not apply either.

Finally, the fourth exception does not apply because this case is not a certified class action suit. Because the Court can no longer grant the requested relief and none of the above-mentioned exceptions to mootness applies, the Court must recommend that the Petition be denied as moot.

## IV. RECOMMENDATION

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) be **DENIED AS MOOT** and;

2. This action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Date: September 16, 2019

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
for the District of Minnesota

*Mohamed D. v. Secretary Homeland Security, et al.*

Case No. 19-cv-325 (WMW/TNL)

### NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those

6

objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).